B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Carolyn A. Dye, Chapter 7 Trustee | DEFENDANTS<br>GJC Investments, LLC, a California Limited Liability Company; Raul A. De La Torre, an Individual; and, Monica Arredondo, an Indivial |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Rosendo Gonzalez (State Bar No.137352)<br>530 S. Hewitt Street., Suite 148, Los Angeles, CA 90013<br>(213) 452-0070 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     ☒ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) To avoid Fraudulent Transfers Pursuant 11 U.S.C§ 544 and 548; (2) To Recover Avoided Transfers Pursuant to 11 U.S.C
§ 550; (3) Automatic Preservation of Avoided Transfers Pursuant to 11 U.S.C. § 551; (4) Unjust Enrichment/Restitution; and
(5) Seek to Sell Property Pursuant to 11 U.S.C § 363

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☑ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☑ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Araceli Cisneros aka Araceli Becerra Cisneros | BANKRUPTCY CASE NO.<br>2:15-bk-15669-VZ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Vincent P. Zurzolo |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  ROSENDO GONZALEZ (State Bar No. 137352)
   GONZALEZ & ASSOCIATES, P.L.C.
2  530 S. Hewitt Street, Suite 148
   Los Angeles, California 90013
3  Telephone (213) 452-0070
   Facsimile (213) 452-0080
4  E-mail: rossgonzalez@gonzalezplc.com

5  Counsel for Carolyn A. Dye,
   Chapter 7 Trustee and Plaintiff
6

7

8               UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11  In re                          )   BK. No. 2:15-bk-15669-VZ
                                    )        [Chapter 7]
12  ARACELI CISNEROS aka ARACELI    )
    BECERRA CISNEROS,               )
13                                  )
                 Debtor.            )
14                                  )
                                    )
15                                  )
                                    )
16  _____ )   Adv. No. _____
17  CAROLYN A. DYE, Chapter 7       )   COMPLAINT:
    Trustee,                        )
18                                  )   (1) TO AVOID FRAUDULENT
                 Plaintiff,         )   TRANSFERS PURSUANT TO 11
19                                  )   U.S.C. §§ 544 AND 548;
    v.                              )
20                                  )   (2) TO RECOVER AVOIDED
                                    )   TRANSFERS PURSUANT TO 11
21  GJC INVESTMENTS, LLC, A         )   U.S.C. § 550;
    California Limited Liability    )
22  Company; Raul A. De La Torre,   )   (3) AUTOMATIC PRESERVATION
    An Individual; and, MONICA      )   OF AVOIDED TRANSFERS
23  ARREDONDO, An Individual,       )   PURSUANT TO 11 U.S.C. § 551;
                                    )
24               Defendants.        )   (4) UNJUST ENRICHMENT/
                                    )   RESTITUTION; and
25                                  )
                                    )   (5) SEEK TO SELL PROPERTY
26  _____     PURSUANT TO 11 U.S.C. § 363
27

28  ///

S:\home\3601\3601.005.complaint.wpd
3/29/16 RG                              -1-

1     Carolyn A. Dye, the Chapter 7 trustee in this bankruptcy

2  case and the plaintiff in this adversary proceeding, respectfully

3  represents and alleges as follows:

4

5              **JURISDICTION/VENUE/PARTIES**

6

7     1.   This adversary proceeding arises in and relates to

8  bankruptcy case, titled *In re Araceli Cisneros*, bankruptcy case

9  number no. 2:15-bk-15669-VZ, which is presently pending before

10  the United States Bankruptcy Court for the Central District of

11  California, Los Angeles Division.

12     2.   This Court has jurisdiction over this adversary

13  proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

14     3.   The venue is proper in this district pursuant to

15  23 U.S.C. § 1409.

16     4.   This action is a core proceeding under 28 U.S.C.

17  § 157(b)(2)(A), (F), (H) and (O).  This Court can and should

18  enter a final judgment herein.

19     5.   This bankruptcy case was commenced by Araceli Cisneros

20  aka Aracelli Becerra Cisneros (the "Debtor") with the filing of a

21  voluntary Chapter 7 petition under the United States Bankruptcy

22  Code, 11 U.S.C. § 101 *et seq.*, on April 10, 2015.

23     6.   Carolyn A. Dye, the plaintiff in this adversary

24  proceeding, was appointed as the Chapter 7 trustee (the

25  "Plaintiff").

26     7.   It is the Trustee's understanding that GJC

27  Investments, LLC, a defendant in this adversary proceeding

28  ("GJC"), is a limited liability company formed in the State of

S:\home\3601\3601.005.complaint.wpd
3/29/16 RG                      -2-

1  California.   According to the records with the California

2  Secretary of State, Howard Chapnick is GJC's registered agent at

3  1204 N. Crescent Heights Blvd., Unit 6, West Hollywood,

4  California 90046.

5      8.    It is the Trustee's understanding that Raul A. De La

6  Torre, a defendant in this adversary proceeding ("De La Torre"),

7  is an individual.

8      9.    It is the Trustee's understanding that Monica

9  Arredondo, a defendant in this adversary proceeding

10  ("Arredondo"), is an individual.

11      10.   It is the Trustee's understanding that De La Torre

12  and Arredondo are husband and wife.

13

14  **ALLEGATIONS IN SUPPORT OF CAUSES OF ACTION**

15

16      11.   The initial meeting of creditors was conducted on May

17  14, 2015.  It was concluded on June 19, 2015, with the filing of

18  a notice of assets.

19      12.   The Debtor received his discharge on July 20, 2015.

20      13.   In Schedule "A," the Debtor identified having an

21  ownership interest in the real property commonly described as

22  3539 Josephine Street, Lynwood, California 90262 (the

23  "Property").

24      14.   In Schedules "A" and "D," the Debtor represents that

25  he is on the debt secured by the Property, but not on title.

26      15.   The Debtor represented that the Property has a value

27  of $330,000 and is subject to a debt in the amount of $224,978

28  owing to Wells Fargo Bank.

S:\home\3601\3601.005.complaint.wpd
3/29/16 RG                          -3-

1      16.    In Schedule "C," the Debtor claimed exemptions under

2  Section 703 of the California Code of Civil Procedure.    The

3  Debtor did not claim an exemption as to the Property.

4      17.    In Schedule "F," the Debtor identified unsecured

5  debts in the collective amount of $13,966.

6      18.    In response to question no. 10 of the Statement

7  of Financial Affairs, the Debtor represented that on January

8  2014, he transferred the ownership interest in the Property to

9  GJC for no consideration.

10     19.    It appears that on or about August 2, 2010, a grant

11 deed was recorded with the Los Angeles County Recorder's Office

12 as Instrument No. 20101064194 wherein the Debtor, as a single

13 woman, and Jesus Hernandez, as a single man, acquired the

14 ownership interest in the Property from Juanita E. Hadley (the

15 "August 2010 Deed").    A copy of the August 2010 Deed is attached

16 hereto and is incorporated herein as Exhibit "1."

17     20.    It also appears that on or about January 2, 2014, a

18 grant deed was recorded with the Los Angeles County Recorder's

19 Office as Instrument No. 20140003195 wherein the Debtor, as a

20 single woman, and Jesus Hernandez, as a single man, transferred

21 the ownership interest in the Property to GJC (the "January 2014

22 Deed")(the "January 2014 Transfer").    A copy of the January 2014

23 Deed is attached hereto and is incorporated herein as Exhibit

24 "2."

25     21.    Furthermore, it appears that on or about May 29,

26 2015, a grant deed was recorded with the Los Angeles County

27 Recorder's Office as Instrument No. 20150632311 wherein GJC

28 transferred the ownership interest in the Property to De La Torre

S:\home\3601\3601.005.complaint.wpd
3/29/16 RG                    -4-

1  and Arredondo (the "May 2015 Deed")(the "May 2015 Transfer").  A

2  copy of the May 2015 Deed is attached hereto and is incorporated

3  herein as Exhibit "3."

4      22.    In view of the apparent fraudulent transfer of the

5  Debtor's interest in the Property, on or about February 3, 2016,

6  Rosendo Gonzalez of Gonzalez & Associates, P.L.C., general

7  bankruptcy counsel for the Trustee ("Gonzalez"), wrote a letter

8  to GJC, De La Torre and Arredondo (collectively, the

9  "Defendants") seeking a possible resolution.  A copy of

10  Gonzalez's February 3, 2016 letter to the Defendants is attached

11  hereto and is incorporated herein as Exhibit "4."

12      23.    Arredondo responded to Gonzalez's February 3, 2016.

13  There were several verbal and written email communications.

14  Arredondo eventually sent to Gonzalez an e-mail representing that

15  she had made a claim to Chicago Title Company.  A copy of

16  Arredondo's February 25, 2016 email enclosing the letter from

17  Chicago Title Company is attached hereto and is incorporated

18  herein as Exhibit "5."

19

20              **FIRST CLAIM FOR RELIEF**

21          (**To Avoid Fraudulent Transfers Against**

22          **the Defendants - Pursuant to 11 U.S.C.**

23              **§§ 544(b) and 548(a)(1)(A)**)

24

25      24.    Plaintiff repeats the allegations in paragraphs 1

26  through 23 of this complaint with the same effect as if set forth

27  here.

28  ///

1    25.   It appears that the Debtor transferred the ownership

2    interest in the Property for no consideration, as set forth in

3    the January 2014 Transfer.   The Property was then transferred

4    again as set forth in the May 2015 Transfer.

5    26.   Plaintiff believes that the January 2014 Transfer as

6    well as the May 2015 Transfer (collectively, the "Fraudulent

7    Transfers") were made and incurred with the actual intent to

8    hinder, delay or defraud entities to which the Debtor was, and

9    would thereafter become, indebted.

10    27.   Pursuant to the provisions of 11 U.S.C. § 544(b) and

11    the applicable provisions of the California Civil Code, and

12    further pursuant to 11 U.S.C. § 548(a)(1)(A), the Plaintiff is

13    entitled to avoid the Fraudulent Transfers.

14

15    **SECOND CLAIM FOR RELIEF**

16    **(To Avoid Fraudulent Transfers Against**

17    **the Defendants - Pursuant to 11 U.S.C.**

18    **§§ 544(b) and 548(a)(1)(B))**

19

20    28.   Plaintiff repeats the allegations in paragraphs 1

21    through 27 of this complaint with the same effect as if set forth

22    here.

23    29.   Plaintiff is informed and believes and thereon alleges

24    that the Fraudulent Transfers were ones for which the transferor-

25    Debtor did not receive a reasonably equivalent value in exchange

26    and were ones which occurred at a time when the transferor-Debtor

27    was insolvent or after and as a result of which he became

28    insolvent.

1    30.   Pursuant to the provisions of 11 U.S.C. § 544(b) and

2   the applicable provisions of the California Civil Code, and

3   further pursuant to 11 U.S.C. § 548(a)(1)(B)(i), the Plaintiff is

4   entitled to avoid the Fraudulent Transfers.

5

6                    **THIRD CLAIM FOR RELIEF**

7           **(To Avoid Fraudulent Transfers Against**

8             **the Defendants - Pursuant to 11 U.S.C.**

9                **§§ 544(b) and 548(a)(1)(B))**

10

11    31.   Plaintiff repeats the allegations in paragraphs 1

12   through 30 of this complaint with the same effect as if set forth

13   here.

14    32.   To the extent that the Fraudulent Transfers were not

15   payments of an antecedent obligation, Plaintiff believes that the

16   Fraudulent Transfers were ones for which the transferor-Debtor

17   received less than a reasonably equivalent value in exchange and

18   were ones which occurred at a time when the transferor-Debtor was

19   engaged in or about to engage in business or transactions with

20   unreasonably small assets and property.

21    33.   Pursuant to the provisions of 11 U.S.C. § 544(b) and

22   the applicable provisions of the California Civil Code, and

23   further pursuant to 11 U.S.C. § 548(a)(1)(B)(ii), the Plaintiff

24   is entitled to avoid the Fraudulent Transfers.

25   ///

26   ///

27   ///

28   ///

**FOURTH CLAIM FOR RELIEF**

**(To Avoid Fraudulent Transfers Against**

**the Defendants - Pursuant to 11 U.S.C.**

**§§ 544(b) and 548(a)(1)(B))**

34.  Plaintiff repeats the allegations in paragraphs 1 through 33 of this complaint with the same effect as if set forth here.

35.  To the extent that the Fraudulent Transfers were not payments of an antecedent obligation, Plaintiff is informed and believes and thereon alleges that the Fraudulent Transfers were ones for which the transferor-Debtor received less than a reasonably equivalent value in exchange and were ones after which the Debtor intended to incur, or believed they would incur, debts that would be, as they matured, beyond her ability to pay.

36.  Pursuant to the provisions of 11 U.S.C. § 544(b) and the applicable provisions of the California Civil Code, and further pursuant to 11 U.S.C. § 548(a)(1)(B)(iii), the Plaintiff is entitled to avoid the Fraudulent Transfers.

**FIFTH CLAIM FOR RELIEF**

**(To Recover Property or Damages on**

**Account of Avoided Transfers Against the Defendants**

**- Pursuant to 11 U.S.C. § 550(a)(1))**

37.  Plaintiff repeats the allegations in paragraphs 1 through 36 of this complaint with the same effect as if set forth here.

S:\home\3601\3601.005.complaint.wpd
3/29/16 RG                              -8-

38.   With respect to the Fraudulent Transfers, the Defendants were the initial transferees of the Fraudulent Transfers, which are subject to avoidance by virtue of the first four (4) claims for relief stated above.

39.   By virtue of 11 U.S.C. § 550(a)(1), the Plaintiff is entitled to recover the voided transfers from the Defendants.

### SIXTH CLAIM FOR RELIEF

### (To Recover Property or Damages on

### Account of Avoided Transfers Against the Defendants

### - Pursuant to 11 U.S.C. § 550(a)(2))

40.   Plaintiff repeats the allegations in paragraphs 1 through 39 of this complaint with the same effect as if set forth here.

41.   With respect to the Fraudulent Transfers, the Defendants were the secondary (immediate or mediate) transferees of the Fraudulent Transfers, which are subject to avoidance by virtue of the first four (4) claims for relief stated herein above.

///
///
///
///
///
///
///
///

1

### SEVENTH CLAIM FOR RELIEF

2

### (To Automatic Preservation of Avoided Transfers -

3

### Against the Defendants -

4

### Pursuant to 11 U.S.C. § 551)

5

6        42.   Plaintiff repeats the allegations in paragraphs 1

7    through 41 of this complaint with the same effect as if set forth

8    here.

9        43.   With respect to any avoided transfer, subject to

10   avoidance under the first four (4) claims for relief stated

11   herein above, it should be preserved for the benefit of this

12   bankruptcy estate.

13

14

### EIGHTH CAUSE OF ACTION

15

### (For Unjust Enrichment/Restitution - Against

16

### the Defendants)

17

18       44.   The Plaintiff repeats the allegations in paragraphs 1

19   through 43 with the same effect as if set forth here.

20       45.   The Defendants received the benefit and value of the

21   Fraudulent Transfers made by the Debtor with respect to the

22   Property without paying reasonably equivalent value.

23       46.   The Plaintiff is entitled to have the bankruptcy

24   estate/Debtor be reimbursed as restitution for the value of the

25   equity in the Property at the time of the Fraudulent Transfers.

26   ///

27   ///

28   ///

## NINTH CAUSE OF ACTION

### (To Sell Property – Pursuant to 11 U.S.C. § 363)

47.   The Plaintiff repeats the allegations in paragraphs 1 through 46 with the same effect as if set forth here.

48.   Section 363(b)(1) of the Bankruptcy Code authorizes the Trustee to sell property of the estate.  11 U.S.C. § 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."

49.   The standard to be applied in determining whether a sale should be authorized under 11 U.S.C. § 363(b)(1) is whether such sale is in the best interest of the estate and the price is fair and reasonable.

50.   Pursuant to 11 U.S.C. § 363(f), the Trustee can sell the Property free and clear of liens and encumbrances.

51.   Pursuant to 11 U.S.C. § 363(h), the Trustee can sell both the bankruptcy's interest in the Property and the interest of the Defendants in the Property since: (i) partition of the Property is impracticable; (ii) sale of the estate's interest in the Property would realize significant less for the sale than sale of the Property free of the interests of the Family Trust; (iii) the benefit to the bankruptcy estate of sale of the Property free of the interests of the Family Trust outweighs the detriment, if any, to the Family Trust; and, (iv) the Property is not used "in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power."

52.   As such, and pursuant to 11 U.S.C. §§ 363(f) & (g), the Plaintiff seeks an order allowing the Trustee to sell the Property free and clear of liens.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

1.   On the First, Second, Third and Fourth Causes of Action, to avoid the fraudulent transfers of property of the estate;

2.   On the Fifth and Sixth Causes of Action, to recover the avoided transfers of property of the estate;

3.   On the Seventh Cause of Action, for automatic preservation of the avoided transfers for the benefit of the estate;

4.   On the Eighth Cause of Action, to recover moneys for unjust enrichment and/or restitution;

5.   On the Ninth Cause of Action, to allow the sale of the Property free and clear of liens.

6.   For costs of suit incurred herein; and

7.   For such other and further relief as the Court may deem just and proper.

Dated:   March 29, 2016          GONZALEZ & ASSOCIATES
                                 A Professional Law Corporation


                                 By: _____
                                     ROSENDO GONZALEZ
                                 Counsel for Carolyn A. Dye, Chapter
                                 7 Trustee and Plaintiff

# EXHIBIT "1"



**This page is part of your document - DO NOT DISCARD**



# 20101064194



**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/02/10 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 19.00 |
| TAXES: | | 242.00 |
| OTHER: | | 0.00 |
| PAID: | | 261.00 |



**L E A D S H E E T**



201008020220011

**00002745384**



002809815

**SEQ:**
**06**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E442318

T03

RECORDING REQUESTED BY
Old Republic Title Company

WHEN RECORDED, MAIL TO:
Araceli Cisneros
Jesus Hernandez
3539 Josephine Street
Lynwood, CA 90262



08/02/2010

*20101064194*

ASSESSOR'S PARCEL NO · 6175-010-023
TITLE ORDER NO  2607100429-56
ESCROW NO  32835-PG

THIS SPACE FOR RECORDER'S USE ONLY

# GRANT DEED

The undersigned Grantor(s) declare that the DOCUMENTARY TRANSFER TAX IS:
$ 242.00 County
XX ___ computed on the full value of the interest of property conveyed, or
___ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale
___ OR transfer is EXEMPT from tax for the following reason

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Juanita Elaine Hadley, Surviving Trustee of The Hadley Family Living Trust dated 2/23/01**

**HEREBY GRANT(S) to** Araceli  Cisneros, a Single Woman and Jesus  Hernandez, a Single Man as Joint Tenants

All that real property situated in the City of Lynwood, County of Los Angeles, State of CA, described as:
The East 40 Feet of Lot 784 of Tract No. 3078,  as per map recorded in Book 31, Page(s) 48 of Maps, in the office of the
County Recorder of said County.

**Commonly Known As:** 3539 Josephine Street, Lynwood, CA  90262

Dated: July 28, 2010

STATE OF CALIFORNIA                                              }
COUNTY OF Los Angeles                                         }
On 7-28-10 _____, before me,
Jennifer L. Shrier _____, a Notary Public
personally appeared _____
Juanita Elaine Hadley
who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _____

**Mail Tax Statements to Same as Above**

The Hadley Family Living Trust dated 2/23/01

By: _____
Juanita Elaine Hadley, Surviving Trustee



JENNIFER L. SHRIER
Commission # 1821865
Notary Public - California
Los Angeles County
My Comm. Expires Nov 8, 2012

(SEAL)

2607100429.56

# EXHIBIT "2"



**This page is part of your document - DO NOT DISCARD**



## 20140003195



Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/02/14 AT 12:59PM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 25.00 |



**L E A D S H E E T**



201401023330010

**00008719874**



005965852

**SEQ:
01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E526311

Recording requested by:

And when recorded, mail this deed and tax
statements to:

GJC Investment Enterprises INC
6645 Mission blvd ste B
Riverside CA 92509.

### GRANT DEED

TRA: 3078

APN: 6175-010-023

DOCUMENTARY TRANSFER TAX $ ____ O
EXEMPTION (R&T CODE) _____
EXPLANATION _____
X Margreth Sanchez
Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,
Araceli Cisneros , a single Woman and Jesus Hernandez, a Single Man as Joint Tenants

hereby grant(s) to
GJC Investment Enterprises INC

This is a bonafide
gift and the grantor
received nothing in
return. R & T 11911

the following real property in the City of Lynwood _____, County of Los Angeles _____.
California:

All the real property situated in the city of Lynwood, County of los Angeles, State of CA, described as:
The East 40 feet of lot 784 of tract N0.3078, as per map recorder in book 31,page(s) 49 of maps, in the office of the county
recorder of said county.
3539 Josephine street Lynwood CA 90262

Date: March 13, 2013 AC              Araceli Cisneros /  Araceli Cisneros
                                     (Signature of declarant)

Date: March 13, 2013 JH              / Jesus Hernandez
                                     (Signature of declarant)

State of California
County of Los Angeles

On March 13 , 2013 , before me Kimberly Sayomara Rodriguez Sanchez, Notary Public, personally appeared
Araceli Cisneros and Jesus Hernandez who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Kimberly S Rodriguez Sanchez
Signature of Notary

## ILLEGIBLE NOTARY SEAL DECLARATION

### GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary                         Kimberly Sayonnara Rodriguez Sanchez

Date Commission Expires            NOV 11, 2016.

Notary Identification Number        1997957
(For Notaries commissioned after 1/1/1992)

Manufacturer/Vendor Identification Number        NNA1
(For Notaries commissioned after 1/1/1992)

Place of Execution of this Declaration        Riverside County

Date  01/02/2014.

                              Kimberly S Rodriguez-Sanchez
                              Signature (Firm name if any)

**EXHIBIT "3"**

 

**This page is part of your document - DO NOT DISCARD**





## 20150632311

Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/29/15 AT 04:59PM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 356.40 |
| OTHER: | 0.00 |
| PAID: | 381.40 |



**L E A D S H E E T**



201505293250059

**00010638412**

006862009

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E452320

RECORDING REQUESTED BY:
Chicago Title Company

AND WHEN RECORDED MAIL TO:

Raul De La Torre and Monica Arredondo
3539 Josephine
Lynwood, CA 90262

---

|  | THIS SPACE FOR RECORDER'S USE ONLY: |
|---|---|
| Title Order No.: 111504884-MD | Escrow No.: 29863-GA |

### GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

**DOCUMENTARY TRANSFER TAX Is $356.40**

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Lynwood AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**GJC Investment Enterprises Inc., a California Corporation**

hereby GRANT(s) to:

Raul A. De La Torre and Monica Arredondo, Husband and Wife as Joint Tenants

the real property in the City of Lynwood, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

Also Known As: 3539 Josephine, Lynwood, CA 90262
AP#: 6175-010-023

Dated April 24, 2015

GJC Investment Enterprises Inc., a California Corporation

By: _____

Authorized Signor

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_

On _4/30/15_ before me, _Gracie Aguilar_ A Notary Public personally appeared _Rodrigo Moreno Perez_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)

GRACIE AGUILAR
Commission # 2008416
Notary Public - California
Los Angeles County
My Comm. Expires Feb 23, 2017

---

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

## EXHIBIT "A"
### Legal Description

For APN/Parcel ID(s): 6175-010-023

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LYNWOOD, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

The East 40 feet of Lot 784 of Tract No. 3078, in the City of Lynwood, County of Los Angeles, State of California, as per map recorded in Book 31 Page 48 of Maps, in the office of the County Recorder of said County.

# EXHIBIT "4"

# Gonzalez

# & Associates

A Professional Law Corporation

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
www.los-angeles-business-law.com

February 3, 2016

Rosendo Gonzalez

rossgonzalez@gonzalezplc.com
(bankruptcy and commercial law
business litigation)
- also admitted in Texas


Lazaro Fernandez
- Of Counsel
(bankruptcy and business law)
- also admitted in Florida


Mireya Gonzalez

migonzalez@gonzalezplc.com
- Trustee Administrator

GJC Investments, LLC
c/o Howard Chapnick, Registered Agent
1204 N. Crescent Heights Blvd., Unit 6
West Hollywood, CA 90046

Raul A. De La Torre
Monica Arredondo
3539 Josephine Street
Lynwood, CA 90262

           Re:  Araceli Cisneros
                USBC Case No. 2:15-bk-15669-VZ

Dear Messrs. Chapnick and De La Torre and Ms. Arredondo:

        Please note that Araceli Cisneros (the "Debtor")
filed for bankruptcy protection under Chapter 7 of the
Bankruptcy Code.  Carolyn A. Dye (the "Trustee") was duly
appointed as the Chapter 7 trustee in the above
referenced bankruptcy case.  I am enclosing the notice of
the commencement of this case and of the Trustee's
appointment.

        My firm is proposed general bankruptcy counsel for
the Trustee in the above referenced case.  As such,
please direct all future communications with respect to
this matter to my attention.

        In the Debtor's bankruptcy schedules, he discloses
having an interest in the real property commonly
described as3539 Josephine Street, Lynwood, California
90262 (the "Property.").  The Debtor also discloses that
he is responsible and obligated to Wells Fargo Bank in
the approximate amount of $224,000 for the debt secured
by the Property.

Howard Chapnick
Raul A. De La Torre
Monica Arredondo
February 3, 2016
Page 2


It appears that on or about January 2, 2014, the Debtor transferred his ownership interest in the Property to GJC Investments, LLC ("GJC") for no consideration by recording a grant deed with the Los Angeles County Recorder's Office as Instrument No. 14-0003195 (the "January 2014 Transfer").

It also appears that on or about April 24, 2015, GJC entered into a sale transaction to sell the Property to Raul A. De La Torre and Monica Arredondo for $324,000 (the April 2015 Transfer").

Please note that the January 2014 Transfer and the April 2015 Transfer appear to be fraudulent transfers that can be avoided and recovered by the Trustee for the benefit of the bankruptcy estate pursuant to Sections 544, 548 and 550 of the Bankruptcy Code.

However, before commencing that lawsuit, the Trustee wanted to know whether you are interested in an agreement to address and resolve the Trustee's claims and causes of action. In that respect, in the event that I do not receive a response from you within fifteen (15) days of this letter, I will assume that you are not interested in a resolution and will proceed accordingly.

If you have any questions or comments with respect to this matter, please do not hesitate to contact me.

Very truly yours,

Rosendo Gonzalez

RG\rg\16-3601
Enclosure
cc. Carolyn A. Dye, Chapter 7 Trustee (w/o enclosure & via email)
    Marlin Bransetter, Esq. (w/o enclosure & via email)

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/12)

| UNITED STATES BANKRUPTCY COURT | Central District Of California |

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on April 10, 2015.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.**
NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**

### See Reverse Side For Important Explanations.

| Debtor(s) (name(s) and address): | |
|---|---|
| Araceli Cisneros<br>12028 Barnwall St<br>Norwalk, CA 90650 | Case Number:<br>**2:15–bk–15669–VZ** |

| All other names used by the Debtor(s) in the last 8 years (include married, maiden and trade names):<br>Debtor: aka Araceli Becerra Cisneros<br><br>Joint Debtor: | Last four digits of Social Security or Individual Taxpayer–ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: xxx–xx–1243 |

| Attorney for Debtor(s) (name and address):<br>Marlin Branstetter<br>Law Office of Marlin Branstetter<br>1475 S State College #212<br>Anaheim, CA 92806<br>Telephone number: 714–635–4234 | Bankruptcy Trustee (name and address):<br>Carolyn A Dye (TR)<br>Law Offices of Carolyn Dye<br>3435 Wilshire Blvd, Suite 990<br>Los Angeles, CA 90010<br>Telephone number: 213–368–5000 |

### Meeting of Creditors:

Date: **May 14, 2015**  Time: **11:00 AM**
Location: **915 Wilshire Blvd., 10th Floor, Meeting Room 2, Los Angeles, CA 90017**

### Presumption of Abuse under 11 U.S.C. § 707(b)

See *"Presumption of Abuse"* on the reverse side
The presumption of abuse does not arise.

### Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: July 13, 2015**
**Deadline to Object to Exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>Telephone number: 855–460–9641 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Kathleen J. Campbell |
|---|---|
| Hours Open: 9:00 AM – 4:00 PM | Date: April 13, 2015 |
| (Form rev. 12/13 341–B9A) | |

# EXHIBIT "5"

## Ross Gonzalez

| | |
|---|---|
| **From:** | Ross Gonzalez [rossgonzalez@gonzalezplc.com] |
| **Sent:** | Saturday, February 27, 2016 8:44 AM |
| **To:** | 'Carolyn Dye' |
| **Cc:** | docman148@gonzalezplc.com |
| **Subject:** | FW: USB Case No 2:15-bk-15669-VZ - file no. 77-03601 |
| **Attachments:** | Ack Letter Title Company Claims.pdf |
| | |
| **Categories:** | Successfully sent to TCMS |

FYI

**From:** Monica Arredondo [mailto:moca_arredondo@yahoo.com]
**Sent:** Thursday, February 25, 2016 12:15 PM
**To:** rossgonzalez@gonzalezplc.com
**Subject:** USB Case No 2:15-bk-15669-VZ - file no. 77-03601

Hello,

This is Monica.  Latest update I have from agent.

Attached is a letter I received from my agent.  They are currently working on this.

Regards,
Monica Arredondo

1

back to CPS

# CHICAGO TITLE INSURANCE COMPANY
## Claims Department
2533 North 117th Avenue
Omaha, Nebraska 68164-3679
(888) 453-4095

2/23/2016

Ramon Sanchez
ramonsanchezrealtor@gmail.com

RE:    Claim Number:      **538639**
       Policy/Escrow No: 111504884
       Insured:          Raul A. De La Torre & Monica Arrendondo
       Property:         3539 Josephine Street
                         Lynwood, CA 90262

Dear Sir or Madam:

This letter acknowledges that CHICAGO TITLE INSURANCE COMPANY (the "Company")
has received your notice of claim regarding the referenced title insurance
policy and/or property. 1  Please be advised that this claim has been assigned
to Danielle Chien for investigation and administration.  The purpose of the
Company's investigation is to obtain a complete understanding of the facts
and circumstances that form the basis of this claim.

As part of the investigation of this claim, a Company Representative may
contact you for additional information.  Also, if you have any information or
documentation relevant to this claim that was not included with your initial
correspondence, please forward it to Danielle Chien.  Upon completion of its
investigation, the Company will advise you of its findings.

Thank you for your cooperation during this investigation.  Please include the
above claim number on all correspondence.  If you have any questions, please
contact Danielle Chien by phone at 402-498-7054 or e-mail at
danielle.chien@fnf.com.

Very truly yours,

Claims Department

---

1 Notice: Any person who knowingly presents a false or fraudulent claim or payment of a loss or benefit
or who knowingly presents false information in an application for insurance may be guilty of a crime
and may be subject to restitution fines or confinement in prison, or any combination thereof.